TIMOTHY L. ALGER, Bar No. 160303
TAlger@perkinscoie.com
KEVAN FORNASERO, Bar No. 274943
KFornasero@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7000
Facsimile: 415.344.7050

Attorneys for Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CHEVRON CORPORATION,

    Plaintiff,

v.

STEVEN DONZIGER,

    Defendant.

Case No. CV 12 80 238 MISC EJD

**GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO MODIFY CHEVRON CORPORATION'S SUBPOENA**

Date:
Time:
Courtroom:

## NOTICE OF MOTION AND MOTION TO MODIFY SUBPOENA

**PLEASE TAKE NOTICE THAT** on _____, 2012, at _____ or as soon thereafter as the matter may be heard by the Honorable _____ in Courtroom _____, _____ Floor of the San Jose Courthouse, located at 280 South First Street, San Jose, CA 95113, non-party Google Inc. ("Google"), by its undersigned attorneys, will and hereby does move this Court for an order modifying a third-party Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action issued by Chevron Corporation ("Chevron") relating to the matter of *Chevron Corporation v. Steven Donziger*, No. 11 Civ. 0691 (LAK), pending in the Southern District of New York.

This motion is brought under Federal Rule of Civil Procedure 45 and is based on this Notice, the attached Memorandum of Points and Authorities, the supporting declaration of Chi Nguyen, the complete files and records of this action, the arguments of counsel, and such other matters as this Court may properly consider.

## RELIEF SOUGHT

Pursuant to Federal Rule of Civil Procedure 45, Google seeks an order modifying the return date of Chevron's subpoena so that Google may respond or object to Chevron's subpoena no later than October 22, 2012.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On September 7, 2012, Chevron subpoenaed Google for nearly a decade's worth of information on the accounts of 44 Gmail users who are involved or may be involved in a highly charged matter now pending in the Southern District of New York. Google is not a party to the New York case. Google timely objected to the subpoena. Although Chevron initially stated it would grant more time for Google to respond to the subpoena, when Google asked for an additional 17 days to respond, Chevron balked. Google has notified the affected account holders of the subpoena to give them an opportunity to assert their rights, and Google understands that many of them have retained or are retaining counsel. In the meantime, Google continues to evaluate the subpoena and the burden it imposes. Chevron has provided no substantial reason for its refusal to grant a modest 17-day extension to Google, leaving Google to file this motion to modify the return date on Chevron's subpoena.

### II. BACKGROUND

Chevron is suing Steven Donziger and others in the Southern District of New York. *See, e.g., Chevron Corp. v. Donziger*, No. 11 Civ. 0691 (LAK), 2012 WL 3538749, at *1 (S.D.N.Y. July 31, 2012). The New York case appears to be a controversial and contentious matter. According to Chevron, the defendants conspired against Chevron to obtain a fraudulent $18.2 billion judgment against the company in the courts of Ecuador. *See id.* According to the defendants and others, Chevron's suit is baseless, and Chevron is using discovery mechanisms to harass and intimidate its critics by prying into their private communications. *See Chevron Targeting Private Email Accounts of 101 People Linked to Ecuador Environmental Case*, Sustainable Industries, http://www.sustainableindustries.com/resources/chevron-targeting-private-email-accounts-101-people-linked-ecuador-environmental-case. Google is not a party to the New York case or the case in Ecuador and has no position on the merits of those disputes or Chevron's purpose in seeking discovery at this time.

On September 7, 2012, Chevron issued a subpoena to Google under Federal Rule of Civil Procedure 45. *See* Declaration of Chi Nguyen ("Nguyen Decl."), Ex. A. Chevron's third-party subpoena commands Google to produce almost ten years of data from 44 Gmail accounts on or before October 5, 2012. *Id.* It appears that the targeted email accounts belong to defendants and interested parties in the New York case. *See id.* at 2-4.

On September 14, 2012, Google informed Chevron that it would notify the affected users of Chevron's subpoena and give the affected users an opportunity to retain counsel or otherwise assert their rights. *See* Nguyen Decl., Ex. B (letter from Google to Chevron). Google also informed Chevron that it "reserves the right to object to the subpoena in its response" and objected to the subpoena on several grounds, including the fact that the same information likely was available from parties to the litigation. *Id.* at 1-2. Chevron did not object to Google providing notice to the affected users or respond to the asserted objections.

On September 18, 2012, Chevron re-served the same subpoena, apparently because it failed to provide notice of the original subpoena to parties in the New York case. *See* Nguyen Decl., Ex. C. In an accompanying letter, Chevron noted that "the return date for this subpoena remains October 5, 2012." *Id.* However, Chevron assured Google that it was "amenable to reasonably extending that deadline if Google requires additional time to respond." *Id.*

On September 25, 2012, Google informed Chevron that Google needed additional time to respond to the subpoena. Specifically, Google asked Chevron to extend Google's deadline from October 5, 2012 to October 22, 2012—a mere 17 days. *See* Nguyen Decl., Ex. D (email from Google to Chevron). Although Chevron had earlier stated that it would be "amenable to reasonably extending [the October 5 deadline] if Google requires additional time to respond," Nguyen Decl., Ex. C, Chevron refused Google's request. Instead, Chevron agreed to allow Google to wait until October 22, 2012 to produce information relating to the accounts of three individuals who are currently represented by the Electronic Frontier Foundation ("EFF"). *See* Nguyen Decl., Ex. E. Chevron offered no real reason for its refusal to allow Google to produce information relating to the other 41 accounts on the same date. It now appears that many more of

the affected users have retained or are in the process of retaining counsel and that Chevron is negotiating with EFF to extend the deadline for those individuals as well.

### III. ARGUMENT

Rule 45 provides that "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . fails to allow a reasonable time to comply [or] subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(i), (iv). But this motion should not have been necessary at all. Google has acted in good faith to notify its users; some of those users have retained counsel and objections may follow, making any production unnecessary, or perhaps narrowing the scope of it. Chevron has offered no substantial reason for its arbitrary refusal to grant a short extension of time, and the burden falls directly upon non-party Google as more and more users of affected accounts apparently are getting extensions. Google therefore asks the Court to modify Chevron's subpoena and extend the time for Google to respond for the following reasons:

*First*, it is unduly burdensome to require Google to respond to the subpoena now given that Chevron is granting some users extra time to evaluate their responses and affected users may yet challenge the subpoena. Because some affected users may challenge the subpoena, the extension of time will reduce or may eliminate the burden on Google should any objection or modification of the subpoena occur. Google does not know whether objections are valid or not at this point, but it does know that its users have retained counsel. *See* Nguyen Decl., Ex. F (letter from EFF to Chevron noting that multiple users have retained counsel and more continue to obtain counsel). That is enough to relieve Google—a non-party to the underlying action—of the substantial costs of compliance for a short time. *See, e.g., Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813-14 (9th Cir. 2003) (court must quash or modify a subpoena if it subjects a third party to undue burden); *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) (court must balance the needs of the requesting party with the burden imposed on the non-party); *In re Smirnan*, 267 F.R.D. 221, 223 (E.D. Mich. 2010) ("Courts . . . consider one's status as a nonparty to be a significant factor in the undue-burden analysis" under Rule 45.). Surely Chevron does not disagree with the notion that all affected users should have an opportunity to be heard before a non-party is burdened with production.

***Second***, Chevron has demanded a significant amount of information: all documents and information relating to the "usage" of 44 Gmail accounts over the course of nearly a decade. It appears that some of the targeted accounts belong to defendants or interested parties in the underlying litigation, meaning that Chevron could simply obtain the requested information from the parties without burdening Google at all. If that is the case, Google may further move or object to the subpoena on those grounds. *See, e.g., Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) (quashing subpoena where "requests all pertain to defendant, who is a party, and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from [the] nonparty"). As users are retaining counsel now, further time is needed to determine the facts. But in any event, it is simply unreasonable to demand that Google collect, review, and produce this volume of information in less than 30 days. *See* Fed. R. Civ. P. 45(c)(3)(A)(i) (court must quash or modify a subpoena that "fails to allow a reasonable time to comply"). And to Google's knowledge, there is no impending discovery deadline or other scheduling issue justifying such a demand. The only deadline Chevron has identified is a December 1, 2012 deadline to serve third-party discovery. The short 17-day extension Google seeks will not impair Chevron's ability to meet that deadline.

***Third***, Chevron has assured Google that Google need not be concerned about disclosing information because all but three of the 44 targeted users have consented to such disclosure. *See* Nguyen Decl., Ex. E (letter from Chevron stating that "we have already successfully resolved the concerns of other account holders"). But Google has no idea how or to what extent users' "concerns" have been "resolved"—Chevron declined Google's invitation to identify the consenting users, and in the meantime many users have retained counsel.[1] Non-party Google should not be put in the middle of a dispute between the parties to the underlying action. Nor should it be burdened with shortened discovery timelines when the discovery matter itself is

---

[1] Google has a consent process whereby a user may confirm his or her consent to a disclosure through his or her account. None of the 44 users has advised Google through their accounts or otherwise that they have consented to the disclosure of their information. If Chevron wishes to rely on consent, Google will meet and confer with counsel to apprise them of the necessary consent process.

unresolved between the parties, and it is unknown whether the requested information is subject to discovery from non-party Google or otherwise.

In sum, Google seeks a reasonable modification of the return date on Chevron's subpoena to allow it to properly respond to that subpoena. Chevron has refused to grant that professional courtesy, despite knowing that affected users have retained counsel and that Google needs more time to evaluate the subpoena in any event. Google therefore asks the Court to modify Chevron's subpoena to permit Google to respond or object to Chevron's subpoena no later than October 22, 2012. A proposed order to that effect is attached.

DATED: October 5, 2012

**PERKINS COIE LLP**

By: /s/ Kevan Fornasero
Kevan Fornasero

Attorneys for Defendant